PER CURIAM:
On January 1,2 1992, the claimant, a resident of Dunbar in Kanawha County, was traveling east on Interstate 64 at approximately 6:45 a.m. when her vehicle went over rocks and debris scattered upon the center lane of the interstate near the Oakwood exit within the city of Charleston. The claimant testified that she noticed the rocks and debris within her headlights range only some 20 feet before impact due to the early morning darkness. She further testified that falling rock and related warning signs were not present in the area. Parallel traffic prevented the claimant from changing lanes to avoid the rocks and debris. When her vehicle, a 1988 Chevrolet Cavalier collided with the fallen material, it sustained substantial damage to the suspension system. The vehicle has been repaired at a cost of$l,185.09. This claim was brought in the amount of $1,251.76, which includes a towing charge of $66.67. The claimant maintains only liability automobile insurance.
The respondent contends that the claimant’s accident was caused by an act of nature over which it has no control. Mancie Legg, whose responsibilities for respondent include interstate maintenance supervision within the Charleston District, testified that he was unaware of the claimant’s accident and that no rock fall response activity is noted on the time sheets (also referred to as the DOH-12s) for January 12, 1992. However, he stated that there have been *119 complaints of rock falls in this area at a rate of “a couple of months or so” depending upon the weather. He farther stated that there are no falling rock signs in the area.
The case law governing liability for rock falls bases a finding of negligence on the part of the respondent when it has been demonstrated that the respondent knew or should have known that a particular area of highway was dangerous because of frequent rock slides, and adequate precautions to ameliorate the hazard or warn motorists of the peril were not taken. Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977). This Court has held in prior claims that the lack of falling rock signs does not render the State liable without convincing evidence of such a hazard. Jude v. Dept. of Highways, 13 Ct. Cl. 28 (1979). The testimony in the instant claim establishes that respondent had constructive notice of the existence of a rock fall hazard within the described accident area, and that precautions were not taken to ameliorate this hazard. The Court is of the opinion that the negligence on the part of the respondent resulted in the damages to claimant’s vehicle.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court makes an award to the claimant in the amount of $1,251.76.
Award of $1,251.76.